54 CCPA
**Application of Richard C. BYCE and Jack K. Dale.**

**Patent Appeal No. 7789.**

United States Court of Customs and Patent Appeals.

June 2, 1967.

Joseph K. Andonian, Kalamazoo, Mich., (Eugene O. Retter, Kalamazoo, Mich., of counsel) Edward G. Jones, Kalamazoo, Mich., for appellants.

Joseph Schimmel, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.[*]

SMITH, Judge.

Appellants appeal from a decision of the Board of Appeals which affirmed the final rejection of claims 1 through 10 of their application.[1] The application relates to "anionic detergent compositions containing neomycin and certain salts thereof."

The appealed claims stand or fall together. Claim 1 is illustrative and reads:

1. A germicidal detergent composition characterized by effective detergency and consisting essentially of a water-soluble, non-soap, synthetic, organic, anionic detergent and a germicidally-effective concentration of neomycin.

The issue is whether the claims were properly rejected under 35 U.S.C. § 103 as obvious in view of certain prior art relied on below.

The prior art is:

| | | |
|---|---|---|
| Craige et al. (Craige) | 2,484,784 | Oct. 11, 1949 |
| Mast et al. (Mast) | 2,730,483 | Jan. 10, 1956 |
| Parker et al. (Parker) | 2,830,011 | Apr. 8, 1958 |

O'Keeffe et al. (O'Keeffe) 71 J. Am. Chem. Soc. 2452 (1949);
69 Drug and Cosmetic Industry 87 (1951);
154 J. Am. Med. A. 338 (1954).

In urging that the claimed subject matter is not obvious, appellants rely on an affidavit of a bacteriologist, Dr. Sokolski, submitted to show unexpected results.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 257,777, filed February 11, 1963.

They also refer to an article [2] by Miller and a patent to van Loo et al. (van Loo).[3]

### The Prior Art

Craige discloses a bactericidal "synergistic" mixture of the antibiotic tyrothricin and 2–2'-dihydroxy–5–5'-dichlorodi-phenylmethane which may be incorporated with "solid or semi-solid substances; such as soaps, ointments, vanishing creams and similar compositions for topical use." It states that from about 0.0001 to 5% of tyrothricin is preferred in most compositions.

Mast discloses that the combination of neomycin, preferably employed as the sulfate, and gramicidin dispersed in a suitable medium results in "synergistic" bactericidal activity. In an example, the two antibiotics are incorporated in an ointment which includes 2 per cent by weight of sodium lauryl sulfate.

Parker teaches that bactericidal properties can be imparted to various textiles by means of neomycin in various forms including the sulfate. It states that such properties "will remain after cleansing operations or manufacturing and finishing processes, even at elevated temperatures."

O'Keeffe teaches separation of streptomycin, which is a cationic antibiotic, from unwanted compounds by adding a carrier to make is preferentially soluble in organic solvents. The publication states that the carrier can be "any of the common anionic detergents," setting forth examples.

Drug and Cosmetic Industry discloses that the effect of penicillin on staphylococci is "potentiated" by the addition of a detergent and that solutions of penicillin with an anionic detergent, such as Tergitol, were effective in the topical treatment of chronic osteomyelitis.

Journal of American Medical Association discloses that neomycin sulfate is an extremely stable broad spectrum antibiotic and is useful for topical applications.

Miller states that incompatibility of surface-active agents has been predicated on the proposition that a mixture of cationic and anionic surface-active agents results in a loss of surface activity and often precipitation. It is suggested that such a system of prediction be extended to include other chemical compounds of high molecular weight. Test results of 100 combinations of one of 10 named cationic compounds with one of 10 named anionic compounds are set forth.

The van Loo patent states that while the use of cationic germicides with anionic detergents in washing machines generally causes precipitation of the active portion of both materials, neomycin is not only compatible "but [is] beneficial when combined in the presence of other salts with a large class of anionic and nonionic treating agents * * *."

### Examiner's Position

The examiner rejected all the claims "under 35 USC 103" as covering an invention he held to be obvious over the combination of Craige, Drug and Cosmetic Industry and O'Keeffe in view of Mast taken with Parker and Journal American Medical Association. He held that the primary references teach that germicidal compositions may comprise an antibiotic and soap or non-soap anionic detergent. He stated:

No patentable invention can be seen in the substitution of neomycin or its salts for the antibiotics of the primary references in view of the secondary references which teach that neomycin (1) is soluble in water, (2) is effective topically, (3) is stable, (4) is very active in alkaline solutions, (5) is unaffected by normal cleaning operations, (6) possesses wide antibacterial spectra and (7) is superior to other antibiotics, such as tyrothricin.

This substitution is deemed to logically flow from the teachings of the prior art, i.e., the use of a later discovered and more potent antibiotic in

2. 13 J.Am.Phar.A. 657–59 (1952).

3. No. 3,174,905, March 23, 1965.

place of an older less potent antibiotic in the same relationship (together with anionic detergents). From the very nature of neomycin, it would seem logical to expect better results. * * *

## Opinion

Appellants' position is summarized in their brief as follows:

The combination of the *cationic* antibiotic neomycin with a *non-soap anionic* detergent required nonobvious selection, for the state of the art teaches away from the combination.

Appellants' evidence rebuts any inference of obviousness of their compositions, for the said evidence includes unexpected difference in kind of antibacterial activity over the prior art.

With respect to their first point,[4] appellants emphasize the opposite ionic nature of the anionic detergent and the cationic neomycin. They refer to the Miller publication and the van Loo patent as evidence that such substances would be expected to be incompatible. On that basis, it is urged that:

* * * if Craige suggests neomycin plus anionic detergent compositions, those skilled in the art would expect them to have impaired anti-bacterial activity due to the anionic detergent.

Also, appellants point out what they consider to be deficiencies in the other references insofar as concerns any suggestion that their two ingredients of opposite ionic nature may be combined.

We are unable to agree with appellants on their first point of argument. In the first place we agree with the examiner that the prior art as disclosed in the references suggests the combination of neomycin with an anionic detergent to provide an effective germicidal deter-gent composition. In particular, we think the disclosures of the characteristics of neomycin in the secondary references would clearly suggest the substitution of neomycin for tyrothricin in the soap of Craige, just as was found in *Lulek*, supra, fn. 4. Moreover, the disclosure in Craige that an antibiotic be used, not just in soaps, but in similar compositions for topical use, taken with the disclosures as to anionic detergents in the other prior art references gives rise to a suggestion that products carrying such detergents be used in Craige for incorporating the antibiotic. Also, the fact, noted in *Lulek*, that neomycin is known to be a more potent antibiotic than tyrothricin, would suggest that lower concentrations of neomycin would be effective.

The antibiotic and detergent of Craige are cationic and anionic, respectively. Also, other prior art, such as Mast, discloses the use of cationic and anionic compounds together. Although appellants argue "Mast is a random fact in an otherwise whole teaching that substances of opposite anionic [sic] nature are not to be combined," it is undisputed that Mast discloses the combination of sodium lauryl sulfate, which is anionic, and neomycin.

Appellants' argument that Miller's discussion of incompatibility of cationic and anionic compounds would cause a person of ordinary skill to avoid making the substitutions suggested by the prior art references is not convincing. Miller is not directed specifically to combinations of detergents of one polarity and antibiotics of the opposite polarity but to the broader fields of combined surface-active agents and drugs generally. As already pointed out, of 100 combinations resulting from the combination of anionic and cationic compounds only 52

---

4. Reference is made to the case of In re Lulek, 305 F.2d 864, 49 CCPA 1323, cited by the examiner and board and discussed by appellants. The opinion there held that the Craige patent of record here, in combination with other prior art, demonstrated it was obvious to add neomycin to soap to provide a more effective germicidal detergent composition. Although the opinion analyzes Craige thoroughly and is pertinent to the present case, it is obvious that the Patent Office and appellants agree that it does not involve the same issue here or control the outcome.

were incompatible on the basis of immediate precipitation, the only test reported. Only one of the 52 involved the combination of an antibiotic, streptomycin sulfate, and a detergent, sodium lauryl sulfate. Moreover, streptomycin sulfate was shown to be incompatible with only 3 of the other 9 anionic compounds with which it was tested. Potassium penicillin G, an anionic substance, was not shown to be incompatible with 6 of the cationic compounds with which it was tested. The impression left by Miller is that the rule he advocates for predicting incompatibility on the basis of unlike ionic properties is open to the possibility of many exceptions.[5]

The affidavit of Sokolski is presented as a factual showing intended to demonstrate that the claimed product possesses unexpected properties and is urged as outweighing the evidence found in the prior art on the question of obviousness. Appellants state that the data therein shows:

(1) Of the four classes of detergents tested in association with neomycin, namely anionic, nonionic, cationic, and amphoteric, only the anionics unexpectedly potentiated neomycin to the point of synergism against *O. danica*. Those anionics are sodium heptadecylsulfate, sodium dioctylphosphate, sodium laurylsulfate, and sodium laurylsarcocinate, all of which are specifically mentioned in the specification as filed * * * .

(2) Two of the anionic detergents, namely the sodium laurylsulfate and the sodium heptadecylsulfate, unexpectedly potentiated neomycin to the point of synergism against *C. albicans*.

(3) Sublethal concentrations of the anionic detergent sodium laurylsulfate *enhanced* the germicidal activity of neomycin against *Staphylococcus aureus*, the organism often found on human skin, whereas this sodium laurylsulfate anionic detergent *antagonized* the germicidal activity of the tyrothricin of Craige against *Staphylococcus aureus*. * * *

It is true that the properties of a composition, like those of a compound, must be considered in determining the question of obviousness. In re Huellmantel, 324 F.2d 998, 51 CCPA 845. However, we do not find the present affidavit persuasive of the patentability of the appealed claims.

Although the application specifies as many as 15 compounds as examples of operable anionic detergents, test results are set forth on only four of them. We do not think that a showing of synergistic effects with but four of 15 compounds is convincing that the remainder of the disclosed compounds would provide similar effects, particularly in the absence of disclosure that any of them have such properties. Moreover, the anionic detergent is designated generically in most of the claims, and even the two claims which define the detergent somewhat more specifically (as sodium alkyl aryl sulfonate and a fatty alcohol sulfate, respectively) are not limited to the compounds on which tests are reported.

The tests referred to in the third aspect of the affidavit advanced by appellants include a comparison of the effect of one of appellants' anionic detergents, sodium lauryl sulfate, on neomycin with its effect on the tyrothricin employed by Craige. Such test may be considered as a comparison of the tested neomycin product with the prior art of Craige modified by the substitution of sodium lauryl sulfate for soap, in contrast to merely a showing as to the undisclosed property of synergism. So viewed, however, the scope of the test is entirely too limited to be of significance

---

5. The van Loo patent is relied on for the same purpose as Miller. We do not find it any more convincing than Miller. The factual disclosure in van Loo is that neomycin *is* compatible with certain anionic agents for treating textiles and statements therein that such result is unexpected express no more than an opinion of the patentee.

on the question of obviousness of the claimed invention.

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.